# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

**LISA BOWLES,**

    Plaintiff.

v.

**ESTES EXPRESS LINES CORPORATION,**

    Defendants.

Civil Action No.
**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff Lisa Bowles, by and through her attorneys, Wolff Ardis, P.C., bring her Complaint for Damages and Jury Demand, and for support states and alleges the following:

### I. JURISDICTION

1. Plaintiff Lisa Bowles is and was in all relevant times a resident of the State of Tennessee and the County of Shelby.

2. Defendant Estes Express Lines Corporation is a Virginia Corporation with its principal place of business located at 3901 West Broad Street, Richmond, Virginia 23230. Estes Express Lines Corporation regularly conducts business within Tennessee, is licensed to do business in Tennessee, and is engaged in the business of freight transportation. Defendant Estes Express Lines Corporation's registered agent for service of process in Tennessee is Corporation Service Company 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3. At all relevant times, Defendant Estes Express Lines Corporation (hereinafter "Estes") was engaged in the business of freight transportation that transacts business and derives

substantial revenue from business within Tennessee and is susceptible to the jurisdiction of this Court.

4. This is an action filed under the provision of 28 U.S.C § 1332 by reason of the diversity of citizenship of the Parties, and the amount and controversy, exclusive of interest and costs, exceeds $75,000.00.

## II. VENUE

5. Venue lies in the Western District of Tennessee pursuant to ERISA Section 502(e)2, 29 U.S.C. § 1132(e)(2), because the life insurance plan of Estes Express Lines Corporation is administered in this district, the Defendant's breaches occurred in this district, and Defendant Estes Express Lines Corporation conducts business within this judicial district.

## III. GENERAL ALLEGATIONS

5. Plaintiff incorporates paragraphs 1 through 4 of this Complaint by reference as if fully set forth herein.

6. Plaintiff Lisa Bowles married Zrano Bowles ("Decedent") on May 24, 2017 and the two remained married until the time of his death on June 29, 2021.

7. Decedent began working for Estes Express Lines Corporation ("Defendant" or "Estes") on October 19, 2014 in Memphis, Tennessee.

8. In early 2017, the Decedent elected to enroll in Defendant's flexible benefits plan.

9. Specifically Decedent enrolled in a policy of term life insurance ("the policy") through Guardian Life Insurance Company ("Guardian") in a coverage amount of $100,000.

10. Decedent designated his wife, Plaintiff, as the sole primary beneficiary of his basic life insurance policy through Guardian.

11. Defendant Estes served as administrator of the Guardian life insurance policy.

12. Once Decedent Zrano Bowles opted into the covereage, Defendant Estes, as the administrator of the policy, began withholding amounts from his paychecks representing the monthly policy premium amount.

13. Upon information and belief, on or about July 4, 2021, the Defendant, acting as administrator of the plan, unilaterally stopped taking premium amounts from the paycheck of Decedent Zrano Bowles.

14. The Defendant, acting as administrator, stopped removing premium amounts from the Decedent's paycheck without the Decedent's knowledge or consent, and without that of the Plaintiff.

15. Decedent passed away on June 29, 2021 while still employed by the Defendant.

16. Plaintiff submitted a claim to Guardian for coverage under the life insurance policy on June 8, 2022, and Plaintiff was informed shortly thereafter that Estes had stopped paying the life insurance policy premiums and had allowed the policies to lapse in 2017.

17. Plaintiff sought appeal from Guardian's denial of coverage on July 8, 2022.

18. On or about, September 8, 2022 Guardian affirmed its denial of coverage after appeal.  Specifically, Guardian confirmed that Defendant Estes failed to make the requisite premium payment in July of 2017 which caused the policy to lapse.

19. Prior to the Decedent's death, both Decedent and Plaintiff believed that the premium amounts were still being removed from Decedent's paychecks and that the policy was still in effect, having never been advised otherwise.

20. Upon information and belief, Defendant Estes has failed or refused to produce any documentation to Guardian to show that the Decedent Zrano Bowles consented to or was notified of the cancellation of the policy in July 2017.

21. Estes failed to advise or otherwise notify the Decedent or the Plaintiff of the termination of the policy. Further, Estes failed to provide the Plaintiff with any of the Decedent's payroll information, paystubs or any other documentation pertaining to this policy when the Plaintiff requested these documents pre-suit.

22. Decedent and Plaintiff relied on Estes, as the administrator of the policy, to protect their interests and to fully advise them of any changes of the policy of insurance including any cancellations of said policy.

### III.  FIRST CLAIM FOR RELIEF
**(Employment Retirement Income Security Act of 1974)**

23. Plaintiff incorporates paragraphs 1 through 22 of this Complaint by reference as if fully set forth herein.

24. The Employment Retirement Income Security Act of 1974 ("ERISA") applies to any employee benefit plan if it is established or maintained by any employer engaged in commerce or in any industry of activity affecting commerce.

25. Defendant is engaged in the freight shipping industry and offers its employees life insurance benefits plan through Guardian Life Insurance Company, among other insurers.

26. To terminate an employee benefits plan, the plan administrator must provide sixty (60) days advance written notice of intent to terminate with the proposed termination date and any related additional information. The plan administrator must send notice to each person who is a participant or beneficiary under the plan specifying the amount of the benefit liability, if any, attributable to the person as of the proposed termination date and the benefit form on the basis of which such amount is determined.

27. Decedent was the plan participant in the Guardian life insurance policy and named Plaintiff Lisa Bowles, his spouse, as the sole beneficiary of the policy.

28. Defendant stopped paying on the life insurance policy and allowed it to lapse, denying both Decedent and Plaintiff coverage without sending proper notice of its proposed termination date.

29. It is unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a beneficiary for exercising any right to which she is entitled under the provisions of an employee benefit plan.

30. A plan administrator acts as a fiduciary to the plan participant and beneficiaries and therefore must discharge his or her duties with respect to the plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan. The fiduciary must act with "care, skill, prudence, and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

31. As the plan administrator, Defendant owed fiduciary duties to both Decedent and Plaintiff. A prudent person would have provided proper notice prior to termination of a life insurance benefits plan or would have continued to make the proper payments as to not allow the policy to lapse.

32. A fiduciary to a plan who "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to make good to such plan any losses to the plan resulting from each such breach…and shall be subject to such other equitable or remedial relief, as a court may deem appropriate."

33. Defendant is personally liable for breach to Plaintiff for failing to maintain payments on the Guardian life insurance policy. Plaintiff has suffered extreme losses as a result of Defendant's breach of fiduciary duty.

34. A beneficiary to a plan may bring a cause of action under ERISA to recover benefits or to enforce rights due to her under the terms of the plan. A beneficiary may also enjoin any act or practice that violates any provision of ERISA. The beneficiary may also seek redress for any violations or enforce any provisions of ERISA or the plan.

35. The Plaintiff has exhausted her administrative remedies under the ERISA plan, and thus is entitled to bring this private caused of action.

36. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered severe damages and losses. As such, Plaintiff is entitled to bring a cause of action under ERISA to recover the benefits due under the policy to her.

### IV.  SECOND CLAIM FOR RELIEF
**(Negligence)**

37. Plaintiff incorporates paragraphs 1 through 22 of this Complaint by reference as if fully set forth herein.

38. An employer owes a duty to an insurance benefit plan participant when it agrees to maintain the policy either through an implied or expressed contract.

39. Defendant and Decedent expressly entered into an agreement in 2017 for the Defendant to act as administrator and for Defendant to maintain the Guardian life insurance policy by removing premium amounts from the Decedent's paychecks and forwarding said premium amounts to Guardian.

40. Defendant Estes breached its duty of care by failing to remove requisite premium amounts from Decedent's paychecks and forwarding those amounts to Guardian Life Insurance Company.

41. The Defendant, as both employer and administrator of the policy, also owed a duty to notify Decedent if it is unable to continue coverage.  Failure to notify its employee of its intent to terminate insurance coverage renders it liable for the policy value.

42. Defendant failed to notify Decedent of its plans to cancel coverage prior to termination of benefits (or at any time thereafter).

43. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered severe injuries, damages, and losses as more fully described above.

## V. THIRD CLAIM FOR RELIEF
**(Breach of Fiduciary Duty)**

44. Plaintiff incorporates paragraphs 1 through 22 of this Complaint by reference as if fully set forth herein.

45. A fiduciary relationship arises when one person reposes special trust and confidence in another person and the other person – i.e., the fiduciary – undertakes to assume responsibility for the affairs of the other party. The fiduciary is under a duty to act for and give advice for the benefit of the other person on matters within the scope of the relationship.

46. Decedent placed trust and confidence in Defendant, acting as a fiduciary, to assume the responsibility to pay on the life insurance policy premium so as to maintain coverage with Guardian Life Insurance Company. Defendant owed a duty to pay the monthly amount owed to the Guardian from the Decedent's paychecks so Decedent could continue to be covered under the policy.

47. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered severe injuries, damages, and losses as more fully described above.

WHEREFORE, Plaintiff prays for an award of compensatory damages in favor of the Plaintiff and against the Defendant in an amount of no more than One Hundred Thousand dollars, pre-filing interest, post-filing interest, pre-judgment interest, post-judgment interest, all other interest permitted by law, all costs permitted by law, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY.**

Submitted this 27th day of September, 2022.

Respectfully Submitted,

WOLFF ARDIS, P.C.

By: /*s/Daniel V. Parish*
Daniel V. Parish (BPR No. 27452)
**WOLFF ARDIS, P.C.**
5810 Shelby Oaks Drive
Memphis, TN 38134
Phone (901) 763-3336
Fax (901) 763-3376
dparish@wolffardis.com

*Attorneys for Plaintiff*